By the Court.—Freedman, J.
The testimony shows that the only claim the plaintiff has to be recognized as a shareholder of the New York and Fort Lee Railroad Company rests upon a lost certificate, dated November 6, 1863, which was not executed by the company, but purported to have been given by order of a certain board of commissioners, whose duty it was at a certain time to take subscriptions for the stock of the company, and under which no application was ever made to the company for the issue of certificates of stock, in accordanQe therewith. Her claim is surrounded by many suspicious circumstances, and it has not been recognized by the company. The interpretation of the evidence most favorable to her leaves her, therefore, in the attitude of one whose claim to membership is contested by the company, upon grounds which require investigation. While occupying that position she has no standing as a shareholder, and can enforce no rights peculiar to shareholders, against third persons, recognized as such by the corporation. The money divided by the corporation belonged to the corporation. It was paid by the corporation to the defendant and his associates, in recognition of their right to receive it; and what they received, they received as their own. By such payment, the corporation was not discharged from its liability to the plaintiff, if the latter was entitled to share therein. In such a case the law does not imply a promise, on the part of the defendant, to refund the excess received to the plaintiff (Patrick v. Metcalf, 37 N. Y. 332; Butterworth *330 v. Gould, 41 Id. 450). The case of Hathaway v. Town of Cincinnati is distinguishable upon the facts. In that case the State recognized the claim of the plaintiff (Town of Solon), as well as the claims of the other towns, to the bounty money, and paid the money over to the committee of the county supervisors, for the purpose of distribution among the towns, Solon included. The committee, therefore, received the money, charged with the trust of distribution, and the State was discharged from all claim of the town of Solon against it; and the money having been received to be paid over to Solon, was the money of Solon when the committee received it, and when it came to the hands of the defendant. It further appeared that the defendant received the money with notice of the claim of the town of Solon. In all these respects, that case differed from the two cases above cited, and from the case at bar.
If the, transaction, resulting in the division of the money by the Hew York and Fort Lee Railroad Company among the shareholders, recognized upon the books of the company as such, and the mode of division, can be inquired into in the action as brought, it can be inquired into and passed upon in as many other actions as the plaintiff may see fit to bring against other shareholders. In every one of these the plaintiff would be bound to establish her right to membership as a part of her case ; and yet, in case of success, not one of the judgments would be binding upon the corporation. Such a course might also result in verdicts conflicting as to the fact involved. The bare statement of these difficulties is sufficient to show that the action cannot be maintained as brought. The objection is not that there is a defect of parties defendant, who are jointly liable with the defendant sued, but that the plaintiff has no cause of action, at all, against the defendant.
*331 The complaint was properly dismissed, and the judgment appealed from should be affirmed, with costs. .
Speir, J., concurred.